UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Debbie Giles, *on behalf of herself and all others similarly situated*,<br><br>　　　　　　　Plaintiff,<br>　v.<br>MRS BPO, LLC,<br><br>　　　　　　　Defendant. | Civil Action No.: _____<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

For her Class Action Complaint, Plaintiff, Debbie Giles, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

**INTRODUCTION**

1. Plaintiff, Debbie Giles ("Plaintiff"), brings this class action for damages resulting from the illegal actions of MRS BPO, LLC ("MRS" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated text messages to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. MRS is debt collector that operates an aggressive contact schedule which bombards unsuspecting consumers, with whom it has no relationship, with automated text messages.

3. Plaintiff is such a consumer. She does not owe a debt to MRS directly or indirectly, yet MRS has repeatedly contacted her in an attempt to reach another, unrelated individual. Plaintiff has advised MRS that the person it sought to contact could not be reached at Plaintiff's cellular telephone, yet MRS nonetheless bombarded Plaintiff with subsequent automated text messages regarding another individual, made without her consent.

4.  Plaintiff seeks relief for herself and all others similarly situated for MRS's unlawful behavior.

## JURISDICTION AND VENUE

5.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

6.  Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

7.  The Court has personal jurisdiction over MRS because its principal place of business is within this District.

8.  Venue is proper in this District in that MRS's principal place of business is in this District and its text messages to Plaintiff and the Class originate from within this District.

## PARTIES

9.  Plaintiff is, and at all times mentioned herein was, an adult individual residing in Sand Springs, Oklahoma.

10. MRS is a New Jersey corporation with its principal place of business located at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

11. Plaintiff has never had a business relationship with MRS, does not owe MRS any money, and never consented to be contacted by MRS on her cellular telephone.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

12. The TCPA regulates, among other things, the use of automated telephone dialing systems.

13. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

14. Within the last year, MRS began placing automated telephone calls to Plaintiff's cellular telephone, number (918) XXX-2699, from, *inter alia,* telephone number 276-325-2312.

15. MRS's calls to Plaintiff were attempts to reach another, unrelated individual who Plaintiff does not know.

16. In or around August 2018, Plaintiff advised MRS that she is not the individual MRS was attempting to contact.

17. In response, MRS acknowledged Plaintiff's request and claimed it would cease calling her.

18. Nonetheless, on or about December 13, 2018 MRS sent Plaintiff a series of automated text messages to her cellular telephone after being advised it has the wrong number. True and correct copies of the text messages are reproduced below:



19. The messages MRS sent to Plaintiff were composed of pre-written templates of impersonal text, and were identical to text messages MRS sent to other consumers.

20. In addition, the content of the text messages was automatically generated, with no human involvement in the drafting or directing of the message.

21. Thus, while the messages stated "SPECTRUM," this language was automatically generated and inputted into pre-written text template without any actual human intervention in the

drafting or sending of the messages; the same exact messages were sent to thousands of other consumers.

22. The telephone system MRS used to send the messages constitutes an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

23. To send the messages, MRS stored Plaintiff's cellular telephone number in its text messaging system with thousands of other consumers' telephone numbers and then automatically sent identical messages *en masse* to Plaintiff and thousands of other consumers at the same time.

24. No human directed any single text message to Plaintiff's number.

25. In addition, upon information and belief the hardware and software combination utilized by MRS has the capacity to store and dial sequentially generated numbers, randomly generated numbers or numbers from a database of numbers.

26. MRS did not have Plaintiff's prior express consent to place automated text messages to Plaintiff on her cellular telephone.

27. Plaintiff's time was wasted tending to MRS's text messages sent after she expressly notified MRS that it was contacting her in error.

28. Receipt of Defendant's unauthorized messages caused Plaintiff to use limited data and text messaging capacity on her cellular telephone plan.

29. Receipt of Defendant's unauthorized messages drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on her phone and battery.

30. Defendant did not place the text messages for an emergency purpose.

## CLASS ACTION ALLEGATIONS

**A. The Class**

31. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

32. Plaintiff represents, and is a member of the following class:

**All persons within the United States to whom MRS or its agent/s and/or employee/s sent a text message to said person's cellular telephone through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint where such person was not a customer of MRS.**

33. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

B. **Numerosity**

34. Upon information and belief, Defendant has placed automated text messages to cellular telephone numbers belonging to thousands of consumers, after being informed it was calling the wrong party, throughout the United States. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's call records.

C. **Common Questions of Law and Fact**

36. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant sent text messages to Plaintiff and Class members' cellular telephones using an ATDS;

   b. Whether Defendant can meet its burden of showing it obtained prior express consent to send each text message;

   c. Whether Defendant's conduct was knowing willful, and/or negligent;

      d. Whether Defendant is liable for damages, and the amount of such damages; and

      e. Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. Protecting the Interests of the Class Members**

39. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

**F. Proceeding Via Class Action is Superior and Advisable**

40. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against MRS is small because it is not economically feasible for Class members to bring individual actions.

41. Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*,

2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

## COUNT I
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

42. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

43. Defendant negligently placed multiple automated text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

44. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

45. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

47. Plaintiff and the Class are also entitled to and do seek a declaration that:

   a. Defendant violated the TCPA;

   b. Defendant utilized an ATDS to message Plaintiff and the Class; and

   c. Defendant placed automated text messages to the Plaintiff and the Class without prior express consent.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

48. Plaintiff repeats and realleges the above paragraphs of this Complaint and

incorporates them herein by reference.

49. Defendant knowingly and/or willfully placed multiple automated text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

50. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

51. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

52. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

53. Plaintiff and the Class are also entitled to and do seek a declaration that:

   a. Defendant knowingly and/or willfully violated the TCPA;

   b. Defendant knowingly and/or willfully used an ATDS to send text messages to Plaintiff and the Class;

   c. Defendant willfully placed automated text messages to non-customers such as Plaintiff and the Class, knowing it did not have prior express consent to do so; and

   d. It is Defendant's practice and history to place automated and artificial/prerecorded voice calls to non-customers without their prior express consent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Declaratory relief as requested;

3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

4. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

5. An award of attorneys' fees and costs to counsel for Plaintiff; and

6. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 26, 2019

Respectfully submitted,

By */s/ Sophia Balile*
Sofia Balile, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff